STOKER, Judge.
The defendants have appealed the granting of a summary judgment in favor of the plaintiff, First National Bank of Abbeville, awarding it amounts due on 40 promissory notes and recognizing its mortgage of defendants’ property plus an award of 10% attorney’s fees. We reverse the judgment of the trial court.
FACTS
On August 23, 1982 the defendants, brothers and a sister, executed a collateral promissory note in the amount of $300,000 with interest at the rate of 18% per annum from date until paid. This note was par-aphed for identification with and secured by a collateral mortgage in the same amount covering two tracts of land in Vermilion Parish. One of these tracts, consisting of 1.162 acres, was released by an act of partial release on the same day. The collateral promissory note was pledged to the plaintiff as security for a loan to be made to the defendants in the principal amount of $300,000. The purpose of the loan was for the construction of town-homes on defendants’ property. These townhomes were to be sold by the defendants.
On September 7, 1983 the defendants granted a special power of attorney to the plaintiff bank, giving it the authority to act for the defendants in all of their business and concerns regarding the mortgaged property. (There is nothing in the record concerning what duties the plaintiff performed in this respect.)
By January of 1984 one or more of the defendants had executed 37 handnotes and exhausted their loan proceeds. The defendants then executed another collateral promissory note in the amount of $30,000 with interest at the rate of 18% per annum from date until paid. This note was par-aphed for identification with and secured by a collateral mortgage in the same amount covering the 1.335-acre tract mortgaged in the earlier act. Three more hand-notes were executed which exhausted those loan proceeds.
Of these 40 handnotes, the defendant Elizabeth Stokes signed 8, defendant Joel Stokes signed 39, and defendant Geedy Stokes signed 6. Six of the handnotes were executed subsequent to the power of attorney being conferred upon the plaintiff, and those six were signed by all three defendants.
*1055 This suit was filed on January 25, 1985. The defendants answered contending that the plaintiff could not enforce against them those handnotes which they had not signed individually. A motion for summary judgment was filed by the plaintiff which was granted by the trial court. The court found as a fact that the handnotes were executed by and on behalf of the defendants and these acts were ratified by those not signing the notes.
ISSUES ON APPEAL
Appellants have presented an exhaustive list of issues in this appeal, but the central issue before us for consideration is whether the trial court erred in granting a summary judgment in favor of the plaintiff. We find that a summary judgment was not appropriate in this instance without the necessity of considering any other issues. We reverse the judgment of the trial court.
The trial court, in finding the defendants liable on the handnotes, apparently relied on rules of agency or mandate and LSA-R.S. 10:3-404 governing unauthorized signatures. That statute reads as follows:
“§ 3-404.
“(1) Any unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it; but it operates as the signature of the unauthorized signer in favor of any person who in good faith pays the instrument or takes it for value.
“(2) Any unauthorized signature may be ratified for all purposes of this Chapter. Such ratification does not of itself affect any rights of the person ratifying against the actual signer.”
LSA-R.S. 10:1-201 defines an unauthorized signature as one made without actual, implied or apparent authority and includes a forgery.
We believe that these provisions might have been applicable had the signer of the note signed not only his name, but those of the other two defendants. In that instance the court might have been correct in finding either apparent authority or ratification by the non-signatories. However, this is not the case. Each party signed only for himself or herself.
Appellants argue that they cannot be bound on those handnotes which lack their signature. LSA-R.S. 10:3-401 states that:
“(1) No person is liable on an instrument unless his signature appears thereon.
“(2) A signature is made by use of any name, including any trade or assumed name, upon an instrument, or by any word or mark used in lieu of a written signature.”
We believe that for these defendants to be held liable on those notes which lack their signatures, the plaintiff must show some liability on the obligation independent of their signature on the hand-notes. The plaintiff must establish some factual basis of liability, such as participation in a joint venture which would be governed by the laws of partnership, thereby giving rise to one party’s ability to sign a note in his own name and bind the other two.
Absent this showing, we find that plaintiff has failed to prove, as a matter of law, upon what legal basis it may bind each of the defendants on all 40 handnotes of which only seven were signed by all three defendants. We believe that this question of liability raises a genuine issue of material fact which would more appropriately be determined by a trial on the merits. LSA-C.C.P. art. 966. We find that the trial judge was clearly wrong in granting summary judgment.
Accordingly, the judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings thereon. The costs of this appeal are to be assessed to the plaintiff-appellee.
REVERSED AND REMANDED.